**GENERAL SIGNAL CORPORATION,**
Plaintiff-Appellant,

v.

**DONALLCO INC. and William R. Allred,**
Defendants-Appellees.

No. 1364, Docket 81–7184.

United States Court of Appeals,
Second Circuit.

Argued April 23, 1981.

Decided May 22, 1981.

James B. Swire and David C. Stimson, Rogers Hoge & Hills, New York City, for plaintiff-appellant.

William R. Murphy and Charles C. Goetsch, Tyler, Cooper, Grant, Bowerman & Keefe, New Haven, Conn., for defendants-appellees.

Before OAKES and KEARSE, Circuit Judges and POLLACK, District Judge.*

PER CURIAM:

Plaintiff appeals from a denial of its motion for a preliminary injunction of acts of alleged infringement of its federally registered trademarks for hydraulic pumps used on aircraft. Pending this appeal defendant voluntarily stipulated, without concession on the merits, to a restraining order by which it would refrain from manufacture, sale, repair or distribution of pumps manufactured by plaintiff bearing plaintiff's trading name or trademarks, unless same are genuine products of plaintiff and utilize plaintiff's current parts. Since the motion for a preliminary injunction was administered and denied on certain misconceptions

* Honorable Milton Pollack, Judge, United States District Judge, Southern District of New York, sitting by designation.

of applicable principles, the order below will be vacated, without prejudice, for reconsideration of the plaintiff's application on the basis of appropriate equitable principles.

The plaintiff, a New York corporation headquartered in Stamford, Conn., in this Lanham Act suit alleges nationwide torts committed by defendants, by trademark infringement, section 32 of the Lanham Act, 15 U.S.C. § 1114, and false designation of origin and false descriptions and representations, section 43(a), 15 U.S.C. § 1125(a). One of plaintiff's divisions is the New York Air Brake Company, engaged in manufacture of aircraft hydraulic pumps.

The defendant Donallco is a California corporation which has as its primary business activity the sale of surplus aviation components. It also operates an FAA-certified repair station to overhaul and repair aircraft parts. Donallco is not qualified to do business in Connecticut, and has no office, dealer, or assets in Connecticut. The defendant William R. Allred is a California resident and is the President and sole stockholder of Donallco.

Defendants allegedly sell as "new New York Air Brake" pumps, equipment which bears New York Air Brake nameplates, but which are claimed by plaintiff to bear fictitious serial numbers and are neither new or New York Air Brake manufacture. Plaintiff asserts that these pumps meet neither the current specifications of New York Air Brake nor any specifications ever used by the latter or approved by the FAA (Federal Aviation Authority). Plaintiff claims that Donallco's sale of pumps as "new FAA/certified" New York Air Brake hydraulic pumps which Donallco is overhauling utilized combinations of inappropriate and obsolete parts in a fashion which is demonstrably dangerous to the public and aircraft utilizing the pumps and certainly not to New York Air Brake specifications. Plaintiff cites an alleged recent near disaster when a Donallco-overhauled pump failed during commercial flight of an aircraft carrying ten passengers.

Donallco sold 67 of such alleged pumps to Sikorsky Aircraft of Stratford, Connecticut, in 1973. The plaintiff examined one of these pumps in 1975 and recommended to Sikorsky that it and other pumps like it be replaced. The Federal Aviation Administration subsequently issued an Airworthiness Directive in March 1976, and the matter presumably was resolved to the satisfaction of all parties.

Beginning in February 1980, the plaintiff claims that it learned of several New York Air Brake pumps that allegedly had been overhauled or repaired improperly by Donallco. These were acquired by purchasers in New York, Texas and Florida. The plaintiff filed a complaint with the FAA and an on-site investigation was made of Donallco's plant and overhaul and repair operations in California in November 1980. FAA reported to defendants that no evidence had been found supporting plaintiff's allegations, but no final report has yet issued from FAA.

On December 22, 1980, plaintiff instituted this suit and *ex parte* obtained a temporary restraining order pending a hearing of a motion for a preliminary injunction, by asserting to the Court that "catastrophic injury" was posed by defendants' products to "members of the public or military personnel."

After hearing the parties, the District Court, Judge Ellen Bree Burns, denied the motion for a preliminary injunction on the record then before the Court. In administering the motion, the Court below ruled that it did not have personal jurisdiction over the individual defendant, William R. Allred on the basis of Connecticut's long-arm statute by reason of the claimed tort to be found in the sale to Sikorsky by the corporate defendant. However, the District Court ruled that in personam jurisdiction could be asserted herein against the corporate defendant under Conn.Gen.Stat. § 33–411(c).

In denying a preliminary injunction the District Court relied principally on the ground that:

"the limitations period which defendants have represented would be pleaded as an

affirmative defense has run regarding the causes of action against the corporate defendant over which this Court has jurisdiction."

By reason thereof according to the District Court, "plaintiff has not demonstrated that the extraordinary relief demanded is warranted.... [and] On the present record, plaintiff has demonstrated neither probable success on the merits, nor sufficiently serious questions going to the merits to make them a fair ground for litigation." (citing case).

Plaintiff thereafter challenged this ruling in an application for a stay pending appeal (which was denied) asserting that the Connecticut statute of limitations was not a bar to this suit and, moreover, that the Court was entitled to consider the similar subsequent sales by Donallco in jurisdictions other than Connecticut on the question whether injunctive relief was appropriate in this suit.

■ We agree that personal jurisdiction was lacking over the individual defendant, Allred. We further agree with the District Court that the sale to Sikorsky may form the basis of personal jurisdiction over Donallco under the Connecticut long-arm statute. With respect to the non-Connecticut claims, however, the relevant consideration is whether they are so related to the Connecticut claim that they do not violate notions of fairness to adjudicate them with the Connecticut claim. *See* Restatement (Second) of Judgments § 12 (Tent. Draft No. 5, 1978); id., comments *a* and *c*.

■ On the question whether the Connecticut claim is time-barred, the District Court erred in not focusing on concepts of laches. Regardless of whether the doctrine of laches or the statute of limitations applies, however, the defense is not jurisdictional or necessarily dispositive of provisional relief under equitable concepts. Consequently, on remand, the District Court should reconsider the injunction motion in the light of these principles and whether there is any evidence of intent to infringe.

The District Court is urged to give early consideration of the issue of forum non conveniens as well as a prompt trial for speedy resolution of the issues.

The order below denying a preliminary injunction is vacated accordingly.